## JANE W. YARBOROUGH ET AL. v. W. E. MAYES.

Decided January 26, 1906.

**1.—Limitation—Charge—Ambiguity—Special Charge.**

Two tracts of land were conveyed to defendant by the same deed. The plaintiffs claimed an interest in only one of said tracts. In the main charge the court instructed the jury as follows: "Possession by one of land improved and enclosed holds all within his enclosure; if his possession is under a deed he has in addition to his actual possession, constructive possession to the extent of the boundaries indicated by his deed." At the request of plaintiffs the court instructed the jury, in substance, that limitation would not begin to run against plaintiffs until defendant took actual possession of some part of the tract claimed by plaintiffs. Held, that the special instruction cured any ambiguity in the main charge, and the two charges were not in conflict.

**2.—Charges—Not Necessary to Repeat.**

The court having correctly instructed the jury upon certain phases of the evidence, it was not necessary to repeat such instructions in connection with special charges bearing on the same matter.

**3.—Charge on Weight of Evidence—Harmless Error.**

A charge which may be obnoxious to the objection that it is upon the weight of evidence is harmless error where, under the undisputed evidence, no other verdict could have been rendered.

**4.—Limitation—Disabilities.**

The statute of limitation will be set in motion by a dissolution of the marriage relation by death or divorce, and having been once set in motion it will not be interrupted by subsequent disabilities of coverture or minority.

Appeal from the District Court of Houston County. Tried below before Hon. J. J. Word.

*Aldrich & Crook,* for appellants.—Possession of one of two adjoining tracts of land, subdivisions of a larger survey, after such subdivisions have passed to separate owners, does not constitute possession of the other of said tracts. Turner v. Moore, 16 S. W. Rep., 929; Faison v. Primm, 34 S. W. Rep., 834; Payton v. Caplen, 59 S. W. Rep., 624.

A conveyance by a cotenant of the entire estate and assertion of entire title by the vendee, does not amount to an ouster. Glasscock v. Hughes, 55 Texas, 478; New York & Texas Land Co. v. Hyland, 8 Texas Civ. App., 613.

*Nunn & Nunn,* for appellee.—When a cotenant asserts ownership in, and makes deed to the entire tract, and the grantee takes possession thereof under the deed, this is an ouster, and limitation will run against the cotenant from such date. Jacks v. Dillon, 6 Texas Civ. App., 192; Puckett v. McDaniel, 28 S. W. Rep., 360; Alexander v. Kennedy, 19 Texas, 496; Rucker v. Dailey, 66 Texas, 286; Brotherton v. Weathersby, 73 Texas, 474; Campbell v. McFadden, 31 S. W. Rep., 444; Houser v. Jordan, 63 S. W. Rep., 1049; Roach v. Crume, 41 S. W. Rep., 86.

That a tenant in common had no actual knowledge that the defendant was claiming adversely the whole interest in the land is not an answer to the plea of limitation supported by the statutory requisites of such defense. Church v. Waggoner, 78 Texas, 200; Jacks v. Dillon, 6 Texas Civ. App., 192; Taliaferro v. Butler, 77 Texas, 582; Miller v. Gist, 91 Texas, 335.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit for partition of a tract of 1,000 acres of land, a part of the J. H. Cummins league in Houston County, brought by appellants against appellee.

The petition alleges that appellants are the owners of an undivided one-fourth of said tract of land, and the defendant the owner of the remaining three-fourths thereof. The interest of each of the plaintiffs is stated and there is a prayer for partition as between all of the joint owners so that each may hold in severalty.

The defendant answered by general denial and plea of not guilty and by special pleas in which he claims title to all of the land under the three, five and ten years statutes of limitation.

In answer to defendant's pleas of limitation plaintiffs, Jane W. Yarborough, Lou Bartee, Mollie Rikard, Elizabeth Clinkscales, pleaded coverture and said plaintiffs, Lou Bartee, Mollie Rikard and Elizabeth Clinkscales, also pleaded minority. The plaintiff, W. J. Kyle, by supplemental petition pleaded minority in avoidance of defendant's pleas of limitation.

There was a jury trial in the court below which resulted in a verdict and judgment in favor of the defendant.

The 1,000 acre tract of land in controversy was conveyed by Isaac Parker and wife to Lucy A. Haile and "her children" by deed of date October 27, 1865. Lucy A. Haile, joined by her husband, conveyed to defendant by deed of date April 1, 1874. This deed also conveys a tract of 640 acres. It was recorded in the deed records of Houston County on August 27, 1874, and conveys all of the 1,000 acre tract,

which it describes by metes and bounds, and as the land conveyed by Isaac Parker and wife by deed executed on October 27, 1865.

There is some conflict in the testimony as to when the defendant took possession of the land, but there is ample evidence to sustain the finding that 100 or more acres of it was fenced when he bought and he has held continuous possession thereof since his purchase, using it for pasturage purposes. He has asserted claim to the entire 1,000 acres and has paid the taxes thereon each year since his purchase. In 1880 or 1881 he put most of it under fence and in 1883 extended his fence so as to inclose the entire tract.

Mrs. Haile had eight children, seven of whom were born prior to the conveyance to her from Parker and wife. The plaintiff, Mrs. Yarborough, is one of these children. She was born in 1847 and married Albert Furlow in 1865; was divorced from him in 1883 and married her present husband in 1884. The other plaintiffs, Lou Bartee, Mollie Rikard, Elizabeth Clinkscales and John Kyle, are the children of Mary Johnson, another daughter of Mrs. Haile, who was born in 1846, and died in 1879. Her husband, whose name was Kyle, died some time before 1879. Mollie Rikard was born in 1872 and married in 1892. Lou Bartee was born in 1870 and married in 1887. Elizabeth Clinkscales was born in 1878 and married in 1898. The husbands of these plaintiffs are all living and are parties to this suit. The plaintiff John Kyle was born in 1875. This suit was brought in 1904. None of the plaintiffs ever asserted any claim to the land until shortly before the institution of this suit.

Appellants' first assignment of error is as follows: "The court erred in charging the jury as follows: "Possession by one of land improved and enclosed holds all within his enclosure; if his possession is under a deed he has in addition to his actual possession, constructive possession to the extent of the boundaries indicated by his deed." It is contended that this charge was erroneous because the deed under which appellee claimed the 1,000 acre tract also conveyed a tract of 640 acres and the jury might have understood that possession of a part of the 640 acres could be extended to both tracts described in the deed. This contention can not be sustained because the court, at the request of the plaintiffs, gave the following instruction:

"Gentlemen of the Jury: The deed from S. C. Haile and Lucy Ann Haile to W. E. Mayes undertakes to convey two tracts of land. If you believe from the evidence that the defendant took actual possession of one of said tracts only and that his actual possession did not extend to the land in controversy, then you are instructed that limitation in his favor would not begin to run against the plaintiffs, if at all, until he had actual possession of the land in controversy, or some part of same, and such possession must have been open and notorious." There is no conflict in these charges. The latter qualifies the general principle stated in the former and properly applies it to the evidence in the case and the jury could not have been confused or misled by the two charges.

The second and third assignments are as follows: "The court erred in giving charge No. 1, requested by defendant, as follows: 'If you believe from the evidence that the defendant, W. E. Mayes, took possession of the thousand acre survey of land, of which the land in con-

troversy is a part, as explained in the main charge, prior to the year 1879, the date of the death of Mrs. Kyle, then you are charged that the cause of action, if any accrued to the children of the said Mrs. Kyle at the date of her death, and their plea of minority will not avail anything in this case,' because said charge makes the issue of limitation depend upon the mere fact of taking possession and not upon any adverse holding of possession, or continuous adverse possession on the part of defendant, and because the issue of adverse possession as affected by cotenancy is ignored."

"The court erred in giving special charge No. 2, requested by defendant, as follows: 'You are charged that if you believe from the evidence that the defendant, W. E. Mayes, took possession of the thousand acre survey of land, of which the land involved in this suit is a part, as explained in the main charge, prior to the date of the decree of court dissolving the bonds of matrimony between Jane Yarborough, formerly Furlow, and her then husband, Alf Furlow, then you are charged that her right of action, if any, accrued to her on the date of such decree of divorce, and her plea of coverture will not avail her anything from the date of such decree of divorce,' because said charge makes the issue of limitation depend upon the defendant's taking possession of the land and not upon his taking and holding same adversely to plaintiffs, and because in said charge the issue of limitation as affected by cotenancy is ignored."

The court in other portions of the charge correctly instructed the jury on the issues of adverse possession and cotenancy and was not required to repeat such instructions in the paragraphs of the special charges complained of in these assignments.

The court should have informed the jury as to when limitation could have begun to run against the children of Mrs. Haile, and in giving them this information he was not required to repeat the instructions as to what would constitute adverse possession of one cotenant against another.

The fourth assignment complains of the following paragraph of the charge: " 'You are charged that the act of Lucy Ann Haile, joined by her husband, S. C. Haile, in executing deed of date April 1, 1874, to W. E. Mayes was an overt act within the meaning of the main charge and a repudiation by the said Lucy Ann Haile of any trust relation, or relation of tenant in common between her and her children, and you are further charged that the recording of said deed of date August 23, 1877, was notice to plaintiffs of the repudiation of such relation between Lucy Ann Haile and her children,' because same is a charge on the weight of evidence, and was calculated to and did mislead the jury."

While this charge may not be an accurate statement of the law it could not, under the facts of this case, have injured appellants. The undisputed evidence shows that appellee was in actual possession of a portion of the land and claiming the entire tract under the deed from Mrs. Haile at the time Mrs. Kyle became a widow and when Mrs. Yarborough was divorced from her first husband. This possession under the deed which had been previously recorded was notice to Mrs. Kyle

and Mrs. Yarborough of the extent of appellee's claim and of the repudiation by him and Mrs. Haile of the rights of their cotenants. The statute thus having been put in operation and the adverse possession of appellee having continued for a sufficient time thereafter to vest the title in him, it is immaterial whether his cotenants were charged with notice of Mrs. Haile's repudiation of her trust by the mere record of her deed to appellee. The statute having begun to run against Mrs. Yarborough, her subsequent marriage would not stop it, and having commenced against Mrs. Kyle neither the coverture nor minority of the other plaintiffs who claim under her can avail to defeat appellee's title by limitation, as the taxing of disabilities is not permitted, and when the statute is once set in motion it continues to run if the adverse possession continues.

The admission in evidence, on the issue of notice, of the imperfectly acknowledged deed from Mrs. Yarborough and her first husband, Furlow, to Mrs. Haile, conveying all of the grantor's interest in the land if error, was harmless, because as we have before shown, the undisputed evidence shows that appellee has title to the land by limitation and no other judgment than one in his favor could have been properly rendered.

We think the judgment of the court below should be affirmed and it has been so ordered.

*Affirmed.*

Writ of error refused.